## 11946.  DAVIS *v.* THE STATE.

1. The indictment charges that the accused, Charles E. Davis, did "utter and publish as true the false, fraudulent, forged, altered, and counterfeited quitclaim deed purporting to be signed, sealed, and delivered by J. D. Kirkpatrick, in the presence of J. O. Scott and Walter Harris, J. P., to Southern Trading & Trust Company, a corporation, of the County of Fulton and State of Georgia, . . . said quitclaim deed being in words and figures as follows, to wit: [A complete copy deed is here set out], by then and there filing said false and fraudulent, forged, altered, and counterfeited quitclaim deed for record with the clerk of the superior court of said county as a bona fide quitclaim deed, with intent to defraud the said J. D. Kirkpatrick and . . . Mrs. J. D. Kirkpatrick, sole heir-at-law and legatee of the said J. D. Kirkpatrick, knowing the said deed to have been so falsely and fraudulently made, forged, altered, and counterfeited, and knowing the said names, to wit, J. D. Kirkpatrick's, as grantor, and J. O. Scott's and Walter Harris', as witnesses, to have been so fraudulently and falsely signed to said deed as aforesaid, contrary to the laws of said State," etc. *Held*:

(*a*) As against a general demurrer, the indictment was sufficient. Penal Code (1910), §§ 231, 232, 954.

(*b*) The averment that the grantor's name was " falsely and fraudulently " signed to the deed sufficiently shows, even as against special demurrer, that such signing was done without the grantor's knowledge or consent.

(*c*) It is not necessary, even as against special demurrer, that the indictment show that the property described in the deed is or ever was in existence. Penal Code (1910), § 954. If such property was not in existence, that fact is matter of affirmative defense; and even then the real question would be not so much whether the property existed as whether its non-existence rendered vain the alleged intent to defraud. Penal Code (1910), § 232.

(*d*) Such an indictment may properly allege an intent to defraud two or more persons, and the allegation is sufficiently established by proof of intent to defraud any one or more of them. The State not being restricted in its proof to the specific date alleged in the indictment, the allegation of an intent to defraud the purported grantor of the forged deed and his " sole heir-at-law and legatee " did not necessarily render the indictment inconsistent or the allegation impossible of proof.

(*e*) Filing a forged deed for record " with the clerk," or " in the office of the clerk," as contemplated by law for the recordation of a valid deed, is an uttering and publishing within the scope and purview of § 232 of the Penal Code of 1910.

2. In a trial under an indictment for uttering a forged deed, where the State relied exclusively upon witnesses' knowledge of handwriting to show that the deed was forgery, and relied wholly upon circumstantial evidence to show that the accused knew it was a forgery, as well as that his intent in uttering it was to defraud certain designated persons, and where the defendant in his statement denied each of these elements of the alleged offense and introduced evidence tending to disprove them, the failure of the court to instruct the jury as to the weight of circumstantial evidence was error requiring the grant of a new trial, even though no written request for such an instruction was presented. Penal Code (1910), §§ 1010, 1087; *Weaver* v. *State*, 135 *Ga.* 317 (69 S. E. 488); *Glaze* v. *State*, 2 *Ga. App.* 704, 708 (58 S. E. 1120); *Amason* v. *State*, 23 *Ga. App.* 784 (99 S. E. 631).

3. Where an indictment alleges that a forged deed was " in words and figures as follows, to wit," and undertakes to set out a complete copy of the deed, beginning with the words " State of Georgia, Floyd County " and ending with the names of the purported grantor and of the attesting witnesses, in the usual form, and where the original deed offered in evidence varies from the copy, in that the upper margin contains matter appropriate for the backing of such a deed, together with other matter usually found on printed legal forms for such deeds, and, in the lower margin, the grantor's name and seal are followed by a blank line and the word " Seal," the variance affords no valid ground of objection to the admission of the original deed in evidence. *Haupt* v. *State*, 108 *Ga.* 53 (2) (34 S. E. 313, 75 Am. St. Rep. 19).

4. A new trial must be granted because of the error pointed out in

headnote 2, supra. If any other error appears from the record, it is not such as will likely recur on another trial of the case.

DECIDED MARCH 9, 1921.

Indictment for uttering a forged deed; from Floyd superior court — Judge Wright. October 5, 1920.

*Denny & Wright, Willingham, Wright & Covington,* for plaintiff in error. *Claude H. Porter, solicitor-general,* contra.

LUKE, J. Only the second headnote needs elaboration. It appears, from the evidence, that the purported grantor and the two attesting witnesses whose names were signed to the deed in question were all three dead; and no eye-witness to the making of the deed, or to its attestation, was offered, either by the State or by the accused. To prove that the deed was a forgery, the State relied upon witnesses who testified to their knowledge of the handwriting of the purported grantor and of the attesting witnesses, and who further testified that, in their opinion, the signatures were all false, though good imitations of the genuine. The defendant, on the other hand, offered like evidence to the effect that the purported signature of the grantor was genuine, and offered other evidence to the same effect by expert comparison of that signature with another signature, which was proved to be the genuine signature of the purported grantor. To prove the defendant's guilty knowledge and fraudulent intent, the State relied upon evidence tending to show that the grantee in the alleged deed was a corporation, that the defendant was president of that corporation, that the deed was first found in his possession and was filed for record by him, that he had made various conflicting statements as to the source from which he had received it, that he had once refused to surrender it on demand by counsel of the purported grantor or his estate, and that later, when arrested and charged with the forgery of the deed, he had offered to surrender it upon condition that he be discharged from custody. The defendant, in his statement to the court and jury, denied any guilty knowledge or fraudulent intent on his part, and introduced in evidence, as correspondence between the grantor and the grantee, letters purporting to have been written several years before the origin of this prosecution, during the year following the date of the deed in question, and tending to show an

effort on the part of the grantor to repossess the deed in question, because, as he contended, his signature thereto had been obtained by fraud on the part of the grantee. The deed itself is dated May 12, 1910; the purported grantor appears to have died in 1915; the deed was filed for record in February, 1918, and the indictment was returned in July, 1920. The allegation that the defendant filed the deed for record was established by positive and direct evidence, and was admitted by him in his statement.

Under that evidence, it was for the jury to say whether or not the accused was guilty of the charge laid in the bill of indictment. In such a case, however, the trial judge must, whether so requested or not, instruct the jury that, to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis than that of the guilt of the accused. In this case the learned trial judge failed, perhaps by mere oversight, so to charge the jury; but that failure being assigned as one of the grounds of the motion for a new trial, both the lower court and this court are bound, as matter of law, to sustain the motion.

For the reason hereinbefore given, it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*